WILBUR D. SPEECE, PLAINTIFF-RESPONDENT, v. J. ANTHONY DEL VECCHIO, DEFENDANT-APPELLANT.

Submitted May term, 1927—Decided November 15, 1927.

**Contracts—Contract to Alter and Repair Building—Defendant Refused to Permit Plaintiff to Complete—Suit for Money Due Under Contract and for Certain Extras—No Error Found in Court's Refusal to Grant Nonsuit, to Direct a Verdict, or in the Admission of Evidence—Judgment for Plaintiff Affirmed.**

On appeal from the Atlantic County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the appellant, *William Elmer Brown, Jr.*

For the respondent, *Carlton Godfrey* and *William I. Garrison.*

PER CURIAM.

This is an appeal by the defendant from a judgment rendered in the Atlantic County Circuit Court, in favor of the plaintiff, Wilbur D. Speece. Speece had contracted with the defendant, Del Vecchio, to make certain alterations in a building owned by the latter, at Hammonton. These alterations were not completed by reason, as claimed by Speece, of the fact that the appellant refused to permit him to complete. A lien was filed and the suit thereon prosecuted for moneys claimed to be due under the contract, and for certain extra work and materials, which Speece claimed to have furnished outside of the contract, at the request of the appellant.

The principal grounds of appeal are that the court refused to control the case by the granting of a nonsuit, or the direction of a verdict in favor of the defendant below, and it is urged in support of the motions made to that end in the court below that the evidence for extras did not accord with the averments of the complaint, and that the plaintiff failed to substantially perform the contract. The first contention entirely overlooks the fact that the complaint alleged moneys to be due for extras, as well as under the contract, and as to the second, the proofs that the defendant had prevented full compliance with the original contract could not be ignored.

Error in the admission and rejection of evidence is alleged, as well as in portions of the charge, and denial by the court of certain requests presented for charge.

We have examined these grounds of appeal and do not find in the rulings on evidence anything justifying a reversal of the judgment. The requests presented in so far as they were proper were, we think, adequately covered in the court's charge.

The judgment is affirmed.